IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILFREDO VILLALTA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CV386 |
| | ) | |
| v. | ) | |
| | ) | |
| JONATHAN WALLER, JASON | ) | ORDER |
| SLOSSON, CHRISTOPHER DUFFEK, | ) | |
| DILLON COMPANIES, INC. and | ) | |
| CITY OF OMAHA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants Duffek and Dillon Companies, Inc. ("Defendants") have filed a motion to compel plaintiff to answer five contention interrogatories originally served on June 3, 2005. The plaintiff served responses July 28, 2005 in which he deferred his answers until additional discovery had been completed, and promised, "...Plaintiff will supplement this Interrogatory [sic] at a later date." Filing 81, Attachment 2. No objections were asserted to the supplying of any information sought by the interrogatories. In response to defendants' counsel's urgings, plaintiff's counsel served supplemental responses to the interrogatories on August 11, 2005. Filing 81, Attachment 4. In the supplemental responses plaintiff asserted a work-product objection to each interrogatory as seeking "information directly pertaining to the mental impressions, conclusion, opinions, and legal theories of Plaintiff's attorney concerning the litigation." Id. The supplemental responses then continue, "Without waiving said objection, Plaintiff would direct the Defendant to each deposition that has been taken in this case, all discovery responses, the medical records and bills of the Plaintiff, the Loss Prevention Manual of Dillon Companies, Inc., the Associate handbook of Dillon Companies, Inc. and the upcoming report of

Dr. Samuel Walker.  Plaintiff will supplement this Interrogatory [sic] as discovery continues."  Id.  No further supplementation has been served, however.

In his opposition to the motion the plaintiff argues that the contention interrogatories are improper and needn't be answered until after the close of discovery, that he has not waived his work-product objection by failing to assert it in his first responses to the defendants' interrogatories, that the information sought does, in fact, include work product, and that he has not waived his objection asserted in the supplemental answers by "answering over" his objection.  Plaintiff is wrong on all counts.

First, contention interrogatories are permitted by Fed. R. Civ. P. 33(c).  It explicitly allows such interrogatories even though they may "involve[] an opinion or contention that relates to fact or the application of law to fact,...."  Plaintiff's blanket argument that answering the interrogatories would disclose mental impressions or the like, are simply not applicable.  The closest the interrogatories come to such material is their requests for "the legal basis or law supporting such claims."  Such a request can be answered without disclosing counsel's work product, as it is information that the parties must disclose in the final pretrial conference order, anyway.  The same is true of documents supporting the claims (which are required to be disclosed by the provisions of Fed. R. Civ. P. 26 (a)((1)(B)); and the lay and expert witnesses (required to be disclosed by the progression order thirty and sixty days prior to the deposition deadline, respectively, which in this case is October 3, 2005, Filing 25, as well as by NECivR 16.2, Fed. R. Civ. P. 26(a)(2); and the progression order, Paragraph 6).

2

Requiring the plaintiff to identify the "facts and circumstances" supporting his claims may be overly broad at the beginning of the discovery process, but discovery has now ended, and requiring plaintiff to state his theories and supporting facts is appropriate at this point.

This court has consistently held that the failure to timely assert an objection to an interrogatory waives the objection. See, e.g. Wagner v. Dryvit Systems, Inc., 208 F.R.D. 606 (D. Neb. 2001). Although of late some courts have considered claims of privilege to be excepted from the rule in some circumstances, in this case plaintiff has shown no sound basis for excusing his failure to timely assert the objection. See, Rule 33(b)(4), added in 1993.

Moreover, it has long been established that it is the claiming party's burden to demonstrate that the requested information is, in fact, covered by the work product rule. See, e.g. KN Energy, Inc. v. Marathon Oil Company, 109 F.R.D. 12 (D. Neb. 1983). No such showing has even been attempted in this case. Hence, even if plaintiff were successful in arguing that he should now be permitted to assert his work product claim, he has failed to make the required showing to establish the application of the rule. In addition, as pointed out by movants, plaintiff has failed to produce a privilege log as required by the progression order, Filing 25, Paragraph 4.

Finally, this court has generally not permitted answering parties to provide general objections to an interrogatory and then provide an answer at the same time. Such a response does not comply with the 1993 amendments to Fed. R. Civ. P. 33(b)(1).

Advisory Committee Comments to 1993 Amendments to Rule 33, 28 U.S.C. fol. Fed. R. Civ. P. 33.

Finding all of the plaintiff's arguments without merit, I shall grant the motion to compel. Because the provisions of Fed. R. Civ. P. 37(a)(4) make an award of expenses and fees mandatory in the absence of some showing of substantial justification or other good reason not to award them, I shall allow defendants to file an application for such expenses and fees.

IT THEREFORE HEREBY IS ORDERED,

1. Defendants' motion to compel, filing 80, is granted. Plaintiff shall, within ten days, provide full answers to all of the interrogatories addressed in the motion, under oath, as required by Fed. R. Civ. P. 33.

2. Defendants may file, within fifteen days, a properly supported application for an award of expenses and fees in connection with this discovery matter. If such an application is filed, plaintiff shall have ten days thereafter in which to respond. In the event either side desires a hearing on the application, request therefor shall be made in the application or the response, as applicable.

DATED this 4th day of October, 2005.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge