IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILFREDO VILLALTA, ) | Case No. 8:04CV386 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| JONATHAN WALLER, ) | |
| CHRISTOPHER DUFFEK, ) | |
| JASON SLOSSON, DILLON ) | |
| COMPANIES, d/b/a BAKER'S ) | |
| SUPERMARKETS, and THE ) | |
| CITY OF OMAHA, ) | |
| ) | |
| Defendants. ) | |

At the conclusion of the plaintiff's evidence, and upon the motions made by the defendants, I make the following rulings:

1. The pretrial conference order, at paragraph two, roman numeral I, sets out plaintiff's claims. I will not allow the plaintiff to alter or change them. In this regard, and while I do not fault plaintiff's very able counsel, I note that the plaintiff did not submit a trial brief. Although the excessive force claim is reasonably straightforward, the legal underpinnings of the other claims are, in the context of this case, muddled.

2. Under Rule 50, I have viewed the evidence in the light most favorable to the plaintiff. Noting that the parties agree that the court, and not the jury, must resolve all issues within the proper purview of the Nebraska Political Subdivisions Tort Claims Act, these rulings should also be considered as findings of fact and conclusions of law under Rule 52.

3. The excessive force claims under section 1983 against Defendants Waller, Duffek, and Slosson have sufficient support in the evidence to go to the jury. However, there is insufficient evidence to warrant punitive damages.

4. Any other section 1983 claims, see paragraph 2IA of the pretrial conference order, will be dismissed because the evidence is insufficient to support such claims.

5. The assault and battery claim, see paragraph 2IB of the pretrial conference order, will be dismissed because the evidence is insufficient to support such a claim.

6. The false imprisonment claim, see paragraph 2IC of the pretrial conference order, will be dismissed because the evidence is insufficient to support such a claim.

7. The negligent supervision claim, see paragraph 2ID of the pretrial conference order, will be dismissed because the evidence is insufficient to support such a claim.

8. The negligence claim, see paragraph 2IE of the pretrial conference order, will be dismissed because the evidence is insufficient to support such a claim.

9. The intentional infliction of emotional distress claim, see paragraph 2IF of the pretrial conference order, will be dismissed because the evidence is insufficient to support such a claim.

10. Under state law, the City of Omaha cannot be held liable for claims arising out of the intentional act by a police officer in taking someone into custody, no matter how those claims are labeled, because the Nebraska Political Subdivision

Tort Claims Act provides the exclusive remedy for suits against cities and the Act bars claims that arise from what would otherwise be an intentional tort (such as an assault) by a city employee. Compare Neb. Rev. Stat. Section 13-902 (1992) with Neb. Rev. Stat. Section 13-910(7) (2005). See Johnson v. State, 700 N.W.2d 620, 625 (Neb. 2005) (holding that under the similar provisions of the Nebraska Tort Claims Act an action predicated upon the alleged sexual assault of a person by a corrections officer was barred; reasoning that where the plaintiff's tort claim is based on the mere fact of government employment, such as a respondeat-superior claim, or on the employment relationship between the intentional tortfeasor and the government, such as a negligent-supervision or negligent-hiring claim, the intentional-tort exception to the state Tort Claims Act applies, and the state is immune from suit.).

11.  There is no credible evidence that Baker's or the City of Omaha had a policy, practice, or custom that proximately caused any deprivation of the plaintiff's federal civil rights.

12.  The mere existence of an employer-employee relationship between Duffek and Baker's cannot create liability for Baker's under section 1983. On this evidence, no reasonable jury could conclude that Baker's directed, agreed, tolerated, encouraged or intended to allow the use of excessive force on its premises by Officer Duffek or the other Omaha police officers. There is no competent evidence of a conspiracy or other unlawful agreement. In particular, there is no competent evidence that Baker's and any of the police officers reached an agreement or came to an understanding that any officer would be permitted to use excessive force on Baker's premises when taking a suspect into custody.

13.  No reasonable jury could conclude that Baker's was negligent when it (a) entrusted security guard duties to defendant Duffek, a fully trained and sworn Omaha police officer (b) who was required to obtain the permission of the chief of

police before working in uniform but while off duty and (c) who was also required to submit special reports to his supervisory chain of command (sergeant, lieutenant, and captain) if force was used while working off duty in order that he might be disciplined or retrained if he used excessive force.

14.     Notwithstanding paragraph 10 above, and to the extent that I am required to make a substantive decision under the Nebraska Political Subdivisions Tort Claims Act, I find and I conclude that the plaintiff's evidence is insufficient to show any liability of any kind by the City of Omaha or any of the three police officers. In particular, I did not find the plaintiff to be fully credible, but I did find the police officers, including officer Duffek, to be entirely credible. In addition, and for a variety of reasons, I did not find the plaintiff's expert's to be persuasive regarding the City's use of force policy that had been reduced to writing. While one might be able to think of or write a better policy (and that is an issue upon which I have no opinion), the formulation of a better policy is not for judges or juries (or college professors) to decide. On these facts, and realizing that virtually all uses of force by on-duty and off-duty Omaha police officers are subject to strict scrutiny by the Omaha police department's chain of command, no reasonable fact finder could decide that the City's use of force policy was so unclear or so poorly conceived that it would likely cause, encourage or permit a police officer to use excessive force.

15.     When evaluating the sufficiency of evidence of all the claims that I have dismissed, I recognize that based upon the events that give rise to this case the plaintiff was convicted of the crimes of resisting arrest and refusal to leave under the laws of the City of Omaha. (Ex. 144.) These criminal convictions followed a bench trial where the plaintiff was represented by counsel. The plaintiff was fined $250 and placed on 9 months of probation. The courts of the State of Nebraska would find these judgments preclusive with regard to the facts necessarily found by the state criminal court. In order to be guilty of resisting arrest pursuant to Section 20-22 (Ex. 146) of the laws of the City of Omaha it must have been proven beyond a reasonable

doubt that the plaintiff was arrested by a police officer and the plaintiff resisted arrest. For purposes of this civil suit, and as a result of the plaintiff's criminal conviction, the plaintiff may not dispute, and the jury and I must assume as a matter of fact because of preclusion rules, that the plaintiff resisted arrest. In order to be guilty of failure to leave pursuant to Section 20-155 (Ex. 147) of the laws of the City of Omaha it must have been proven beyond a reasonable doubt that the plaintiff failed or refused to leave the Baker's store after being notified to do so by an authorized person. For purposes of this civil suit, and as a result of the plaintiff's criminal conviction, the plaintiff may not dispute, and the jury and I must assume as a matter of fact because of preclusion rules, that the plaintiff failed or refused to leave the property after being notified to do so by a person authorized by the owner to give a notification to leave.

16.  Regarding the preceding paragraph, paragraph 15, and for legal support, I rely in part upon the following cases, to wit: Calusinski v. Kruger, 24 F.3d 931, 934-35 (7th Cir. 1994) (finding in a section 1983 case brought against police officers that the trial court properly denied a motion in limine to exclude evidence that the plaintiff had been convicted in state court of resisting arrest; holding that for purposes of using state criminal convictions as evidence in subsequent federal civil rights actions, all federal courts must give preclusive effect to state court judgments whenever courts of state from which judgment emerged would do so); Graack v. Borough of Nazareth, 852 F. Supp. 370, 371-72 (E.D. Pa. 1994) (evidence of convictions for resisting arrest and disorderly conduct were properly admissible in civil rights action against arresting police officers as evidence of the facts underlying the conviction).

17.  Even if the views expressed in paragraph 15 and 16 above are incorrect in whole or in part, the rulings expressed in the preceding paragraphs would be the same.

Accordingly,

IT IS ORDERED that judgment will be entered in favor of all the defendants and against the plaintiff dismissing with prejudice all claims except for the excessive force claims against Waller, Duffek, and Slosson. Pending resolution of the excessive force claims, judgment shall be withheld.

November 30, 2005.        BY THE COURT:
                          *s/Richard G. Kopf*
                          United States District Judge